

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NOS. WR-74,963-02 and 03

### EX PARTE JOSE PABLO GUARDIOLA, Applicant

### ON APPLICATIONS FOR A WRIT OF HABEAS CORPUS
### CAUSE NOS. 2008CR1071-W1 and 2008CR1072-W1 IN THE 175th DISTRICT COURT
### FROM BEXAR COUNTY

*Per curiam*.

## O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court these applications for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of possession of a controlled substance with intent to deliver and possession of marihuana. He was sentenced to ten years' imprisonment in each cause. He did not appeal these convictions.

Applicant contends, *inter alia*, that material and exculpatory evidence was withheld from the defense in violation of *Brady v. Maryland*, 373 US 83 (1963). Specifically, the defense was not made aware of misconduct on the part of the arresting officers that included lying about the use of a confidential informant in order to obtain a search warrant.

The trial court determined that due process was violated in these cases and recommends that relief be granted on a basis other than *Brady*. The State agrees that relief should be granted. We disagree with the trial court's conclusion of law, but agree that Applicant is entitled to relief. While it is clear from the record that the Bexar County District Attorney's Office was unaware of the police misconduct that occurred in this case, the prosecutor has a duty to pass along evidence even if it is only known to the police. *Kyles v. Whitley*, 115 S.Ct. 1555, 514 U.S. 419, 131 L.Ed. 490 (1995).

Relief is granted. The judgments in Cause Nos. 2008CR1070-W1 and 2008CR1072-W1 in the 175th District Court of Bexar County are set aside, and Applicant is remanded to the custody of the Sheriff of Bexar County to answer the charges as set out in the indictments. The trial court shall issue any necessary bench warrant within 10 days after the mandate of this Court issues.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice–Correctional Institutions Division and Pardons and Paroles Division.


Delivered: January 29, 2014
Do not publish